UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE DEAN SCOTT,

                Plaintiff,

v.

LEWIS COUNTY JAIL, et al.,

                Defendants.

Case No. 3:25-cv-06181-BHS-TLF

ORDER DENYING PLAINTIFF'S MOTIONS FOR SUBPOENA, TO EXTEND DEADLINES, AND FOR APPOINTMENT OF COUNSEL (DKTS. 4, 5, 9)

Before the Court are the following motions filed by plaintiff: (1) a motion to subpoena video evidence, Dkt. 4; (2) a motion to extend filing deadlines for his *in forma pauperis* application and application for court appointed counsel, Dkt. 5; and (3) a motion to appoint counsel, Dkt. 9. For the below reasons, all of plaintiff's motions are DENIED, without prejudice. If filed in accordance with the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and if such a motion comports with Fed. R. Civ. P. 11(b), plaintiff may refile these motions.

Plaintiff's motion to subpoena video evidence (Dkt. 4) is DENIED as premature as the parties in this matter have not yet commenced discovery. The Court notes parties have a duty to preserve evidence which "is triggered when a party knows or reasonably should know that the evidence may be relevant to pending or future litigation." *E.E.O.C. v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042, 1044 (W.D. Wash. 2012).

As for plaintiff's motion to appoint counsel (Dkt. 9), it is not entirely legible; it appears portions were inadequately photocopied. Thus, plaintiff's motion is DENIED

ORDER DENYING PLAINTIFF'S MOTIONS FOR
SUBPOENA, TO EXTEND DEADLINES, AND FOR
APPOINTMENT OF COUNSEL (DKTS. 4, 5, 9) - 1

without prejudice to permit him to re-file a legible motion. Plaintiff is advised that there is "no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

If plaintiff decides to re-file the motion, he will be required to explain how his case presents "'exceptional circumstances'" for appointing counsel. *Id.* This includes explaining his "'likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* ((quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) ("Appellant must show that because of the complexity of the claims he was unable to articulate his positions").

Plaintiff's motion to extend filing deadlines (Dkt. 5) is DENIED as moot; the Court granted his motion to proceed *in forma pauperis* (Dkt. 7) and addressed his motion to appoint counsel above.

Dated this 24th day of February, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS FOR
SUBPOENA, TO EXTEND DEADLINES, AND FOR
APPOINTMENT OF COUNSEL (DKTS. 4, 5, 9) - 2